1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11 | ALEXANDER SINCLAIR,

12 | Plaintiff,

13 | v.

14 | DYLAN SCHMIT, et al.,[1]

15 | Defendants.

16

No.  2:25-cv-0903 CSK P

ORDER AND

FINDINGS & RECOMMENDATIONS

17    Plaintiff is a county jail inmate proceeding pro se with a civil rights action brought under

18 | 42 U.S.C. § 1983.  Plaintiff's motion for injunctive relief is before the Court.  As discussed

19 | below, plaintiff is granted an extension of time to file the completed application for leave to

20 | proceed in forma pauperis, along with a certified copy of his inmate trust account statement for

21 | the past six months, and it is recommended that plaintiff's motion for injunctive relief be denied

22 | without prejudice.

23 | I.    PLAINTIFF'S ALLEGATIONS

24    Plaintiff's first claim sets forth a litany of violations, citing Eighth and Fourteenth

25 | Amendment violations, racist retaliation, excessive property, sabotage, conspiracy, fraud, kidnap,

26

27 | [1]  Plaintiff objects to the omission of his first named defendant in the complaint, "Respondent(s)
for Sinclair v. Clark High Court."  (ECF No. 6 at 1.)  However, such defendant is not an
28 | identifiable person; therefore, the Court used "Dylan Schmit" as the leading defendant.

1

false document, and access to the courts. (ECF No. 1 at 3.) Plaintiff claims that on June 20, 2023, he was kidnapped to a mental hospital without correct documents where he was cell extracted and illegally forcibly injected, and also suffered an illegal blood draw. (Id.) Plaintiff alleges that defendants Bogert, McCormick, Franklin, Schmit, McBane, Maple, Shorna, and Crouse "had servants sabotage evidence" against plaintiff. (Id.) The remaining allegations in claim one are incomprehensible, although plaintiff refers to inadequate pain medication, false extradition, racist harassment, unsanitary conditions, and excessive force. (Id. at 3, 7-9.)

In his second claim, plaintiff alleges "search and seizure," "in on destroying evidence and sabotage in civil suit as unknown conjugal partner." (Id. at 4.) Plaintiff claims "Tracey Master(s) falsif[ied] attack in being a witness to assault w[ith] deadly weapon then tr[ied] to avoid perjury [by] admit[ing] it's two on one." (Id.) LeRose prepared false documents for bribery with defendant "Gavin Newsom and Jim Brown in an extradiction warrant" in Washington State. (Id.) Plaintiff also appears to claim he was falsely classified as mentally ill, and was subjected to a false incident report. (Id.) Plaintiff refers to the Los Angeles County Sheriff's Department and District Attorney's Office, but their relevance is unclear. The remainder of plaintiff's second claim is incomprehensible. (Id.)

In his third claim, plaintiff claims he was denied the right to a speedy trial, "falsify absentia due process clause," and retaliation. (Id. at 5.) Plaintiff claims he was illegally forced to the state hospital without going to court by use of excessive force. (Id.)

Plaintiff names thirteen defendants: (1) "Respondent(s) for Sinclair v. Clark High Court;" (2) Dylan Schmit; (3) Judge Shauna Franklin; (4) Judge Tami R. Bogert; (5) Carol McBane; (6) Public Defender Andrew S. Crouse; (7) Judge Kevin J. McCormick; (8) Sacramento County Supervisor Caity Maple; (9) Jason Davis; (10) Paul J. Bailey; (11) Jefferson Gormon; (12) Krishna Shorna; and (13) Governor Gavin Newsom. (ECF No. 6 at 2, 7.) Plaintiff refers to each defendant as a "conjugal partner." (Id.)

Plaintiff appears to seek money damages, but his other requests for relief are unclear. (Id. at 6, 10-12.) Plaintiff also mentions his other case, Sinclair v. Clark, No. 2:24-cv-0038 TLN EFB

1   P (E.D. Cal.).[2]  (ECF No. 1 at 6.)  In Sinclair v. Clark, plaintiff filed a petition for writ of habeas

2   corpus alleging, among other things, a violation of his right to a speedy trial.  Sinclair v. Clark,

3   No. 2:24-cv-0038 TLN EFB P (ECF No. 1).  On August 20, 2024, the petition was dismissed for

4   failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases and Rule 8 of the

5   Federal Rules of Civil Procedure, and plaintiff was granted leave to file an amended petition, as

6   well as to file an application to proceed in forma pauperis or pay the appropriate filing fee.  Id.

7   (ECF No. 4.)  On March 27, 2025, the assigned magistrate judge recommended that the case be

8   dismissed without prejudice based on plaintiff's failure to comply with the August 26, 2024

9   order.  Id. (ECF No. 8.)

10   II.      MARCH 31, 2025 ORDER

11        In this case, plaintiff was ordered to file a completed in forma pauperis affidavit and a

12   certified copy of his inmate trust account statement, and was cautioned that failure to do so would

13   result in a recommendation that this action be dismissed.  (ECF No. 4.)  The thirty day period has

14   now expired, and plaintiff has not filed the required documents.  However, in his motion for

15   preliminary injunction, plaintiff claims he cannot get the in forma pauperis application done due

16   to "racial bias."  (ECF No. 6 at 1.)  Plaintiff claims that on January 5, 2025, he mailed a "Motion

17   of Notice on Emergency Response on Respondent's Malice Misconduct . . . " to Judge Kim.  (Id.)

18   However, Judge Kim's case was not opened until March 20, 2025, and plaintiff's motion was

19   filed in his earlier case, Sinclair v. Clark, No. 2:24-cv-0038 TLN EFB P (ECF No. 5) on January

20   13, 2025.  Because that document was filed before this case was opened, it cannot explain why

21   plaintiff failed to comply with the March 31, 2025 order issued in this case.

22        Plaintiff is advised that if he is unable to comply with a court order, he should file a

23   request for extension of time, explaining why he is unable to meet the deadline.  In an abundance

24   of caution, plaintiff is granted an additional thirty days to comply with the March 31, 2025 order.

25   Failure to provide these documents will result in a recommendation that this action be dismissed.

26

27

28

---

[2]  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1    III.    MOTION FOR PRELIMINARY INJUNCTION

2        A.    <u>Plaintiff's Allegations</u>

3        On May 5, 2025, plaintiff filed a motion for preliminary injunction.  (ECF No. 6.)

4    Plaintiff contends he has been "having racist retaliation" since he filed his petition in Case No.

5    2:24-cv-0038 TLN EFB.  (<u>Id.</u> at 1.)  Plaintiff's allegations are incomprehensible, ranging as

6    follows:  "racist retaliation by Governor Newsom on its servant Barborsa, brother in law . . . to

7    Newsom C.H.P.;" "retaliation starved [him] out" in March and April 2025, "attempted murder on

8    [plaintiff] destroyed [his] notes;" on March 28, 2025, defendant Krishna Shorna "knowingly" and

9    "illegally" forcibly injected plaintiff with illegal blood draw with cell extraction ordered by Judge

10    Benjamin Cassady; plaintiff was denied a witness, but no specific proceedings are identified; last

11    shower on March 27, 2025, still receiving cold food; false disciplinary on or about July 18 or 19,

12    2024; "known kidnap and robbery with dirty needle with S.T.D. the Chief of State Hospital aware

13    of who is conjugal partner with San Luis Obispo County" and refused to contact county law

14    enforcement; Judge Cassady's order of transfer was void; medical denied plaintiff his keep on

15    person asthma pump and nasal spray around April 18 or 19, 2025; plaintiff is considered a

16    hostage because he was not supposed to return to the Sacramento County Jail without

17    prosecution; and references invasion of privacy, rape and murder, and claims he was subjected to

18    a conservatorship against his will.  (<u>Id.</u> at 1-3.)  Plaintiff refers to an incident in 2011 in Los

19    Angeles County, and to San Luis Obispo County, but it is unclear what relevance those have to

20    plaintiff's claims in this action.[3]  (<u>Id.</u> at 1, 2, 3.)

21        Plaintiff's requested relief is similarly unclear.  For example, plaintiff asks that all

22    servants involved in the misconduct go to the dump and find all of plaintiff's documents.  (<u>Id.</u> at

23    4.)  Plaintiff seeks all information on other inmates subject to false conservatorships with illegal

24    forced injections and illegal blood draws.  Plaintiff seeks an investigation into human trafficking

25    in Los Angeles, Sacramento and San Francisco.  (<u>Id.</u>)  Plaintiff wants all professionals who

26    _____

27    [3]  Indeed, to the extent plaintiff is attempting to bring claims based on incidents that took place in
      Los Angeles or San Luis Obispo Counties, such claims must be commenced, if at all, in the
28    United States District Court for the Central District of California.

4

falsified his mental health records to be charged and "license disbarred for malpractice." (Id. at 5.)

B. Legal Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To qualify for injunctive relief, plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Id. at 20. A deficiency in any element precludes relief. Id. at 23.

As to the second element of Winter, an injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again -- a likelihood of substantial and immediate irreparable injury." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted). Speculative injury does not constitute irreparable harm. See Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). A presently existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

In addition, the injunctive relief an applicant requests must relate to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury

1  claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff

2  any relief.  Id. at 636; see also Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020)

3  (the court's jurisdiction is "limited to the parties in this action" and the pendency of an action

4  "does not give the Court jurisdiction over prison officials in general or over the conditions of an

5  inmate's confinement unrelated to the claims before it.").

6       Finally, the Prison Litigation Reform Act ("PLRA") imposes additional requirements on

7  prisoner litigants seeking preliminary injunctive relief against prison officials.  In such cases,

8  "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to

9  correct the harm the court finds requires preliminary relief, and be the least intrusive means

10  necessary to correct that harm."  18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr.,

11  2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit observed, the PLRA places

12  significant limits upon a court's power to grant preliminary injunctive relief to inmates, and

13  "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the

14  bargaining power of prison administrators—no longer may courts grant or approve relief that

15  binds prison administrators to do more than the constitutional minimum."  Gilmore v. People of

16  the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

17       C.  Discussion

18       Here, plaintiff's complaint has not yet been screened, and no defendant has been served

19  with process.  Until defendants have been served with process, this Court lacks personal

20  jurisdiction over them, and may not grant the injunctive relief he seeks.  See Fed. R. Civ. P.

21  65(d)(2); Murphy Bros, Inc., 526 U.S. at 350.

22       Further, plaintiff did not address the elements required under Winter:  "that he is likely to

23  succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

24  relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

25  Winter, 555 U.S. at 20.  In addition, plaintiff failed to clearly identify the specific injunctive relief

26  he seeks that is related to a claim raised in his complaint.  Plaintiff has not clearly identified a

27  nexus between the injunctive relief sought and a specific claim raised in the complaint.  Pac.

28  Radiation Oncology, 810 F.3d at 633.

Finally, the requested relief the Court could glean from plaintiff's motion is not narrowly drawn, does not extend any further than necessary to correct the alleged harm, and does not appear to be the least intrusive means necessary to correct that harm. Indeed, plaintiff's motion does not make clear what harm plaintiff allegedly faces absent preliminary relief. Therefore, plaintiff's motion also violates the PLRA.

For the above reasons, the Court recommends that plaintiff's motion for injunctive relief (ECF No. 6) be denied without prejudice.

IV.    CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case.

2. Plaintiff is granted thirty days from the date of this order to submit a completed affidavit in support of the request to proceed in forma pauperis on the form provided by the Clerk of Court, and a certified copy of the inmate trust account statement for the six month period immediately preceding the filing of the complaint.

3. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

4. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Further, IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 1 at 3) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

///

7

1    appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2

3    Dated: May 8, 2025

4                                                          _____

5                                                          CHI SOO KIM
                                                           UNITED STATES MAGISTRATE JUDGE

6    /1/sinc0903.pi

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28